UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT WEBBER and ROBYN
WEBBER,

     Plaintiffs,

v.                                                      Case No.:  2:26-cv-1780-SPC-KRH

AMERICAN SECURITY
INSURANCE COMPANY,

     Defendant.

_____

## **OPINION AND ORDER**

Before the Court is Defendant American Security Insurance Company's Notice of Removal.  (Doc. 1).  Plaintiffs Scott Webber and Robyn Webber brought this breach of contract suit in state court.  Defendant removed the case, invoking diversity jurisdiction.  For the below reasons, Defendant must supplement its notice of removal to avoid remand.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008) (citation omitted); 28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th

Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

The Court is not convinced that the diversity of citizenship requirement is met. Defendant asserts Plaintiffs are citizens of Florida because they "reside in Lee County and own . . . property . . . which is the subject of this lawsuit" ("Property").[1] (Doc. 1 ¶ 2). Defendant also attaches records from the Lee County Property Appraiser's website, which show Plaintiffs as the Owners of Record for the Property. (Doc. 1-3 at 2).

Defendant's allegations regarding citizenship are insufficient. Residency at a Florida property is not enough to establish Plaintiffs are *citizens* of Florida. *See, e.g.*, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of

---

[1] Defendant alleges it is a citizen of Delaware and Georgia. (Doc. 1 ¶ 3).

returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation omitted).

Defendant offers nothing to show that the Property is Plaintiffs' permanent home and principal establishment. In fact, the records Defendant provides do not show that Plaintiffs claim the Property as their primary home. (Doc. 1-3 at 2, 3) (showing no exemptions, including the homestead exemption, are claimed by Plaintiffs on the Property); *see also 919 Old Winter Haven Rd. SPE, LLC v. Friedman*, No. 8:19-CV-1500-T-36AAS, 2020 WL 871087, at *5 (M.D. Fla. Feb. 21, 2020) (finding it "[s]ignificant[]" that the "Florida[] homestead property tax exemption" was not claimed by the plaintiff in granting motion to dismiss for lack of subject matter jurisdiction). Thus, Defendant has not shown all parties are diverse.

Accordingly, it is now **ORDERED:**

On or before **June 15, 2026**, Defendant must **SUPPLEMENT** its notice of removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3